FILED
United States Court of Appeals
Tenth Circuit

April 9, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FREDDIE L. GRISBY,

        Plaintiff-Appellant,

v.

BOEING COMPANY, a Foreign
Corp., Doing Business in Kansas,

        Defendant-Appellee.

No. 08-3089
(D.C. No. 6:07-CV-01133-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Plaintiff Freddie L. Grisby appeals the district court's entry of summary

judgment in favor of his former employer Boeing Co. ("Boeing") on his claims of

employment discrimination. He does not contend that the district court entered

judgment in error; rather, he argues that his trial counsel's inadequate

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

representation requires a remand for further proceedings.  He further contends that his attorney's errors denied him due process and access to the courts.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

Mr. Grisby was employed by Boeing from 1979 to June 2005 when the company was sold and all employees were terminated.  Represented by retained counsel, he filed suit under Kansas law in Kansas state court alleging he was terminated because he is an African-American and because he acted as a whistleblower in March 2005 concerning whether regulations were followed when an airplane part was not painted within twenty-four hours of being cleaned.  After Boeing removed the action to federal court based on diversity jurisdiction, *see* 28 U.S.C. § 1332(a)(1), the district court granted summary judgment to Boeing, holding that Mr. Grisby had failed to exhaust his administrative remedies on his race-discrimination claim and that he had failed to establish a prima facie case on his whistleblowing claim.  The court also denied Mr. Grisby's motion to amend his complaint to add a claim for retaliation alleging that Boeing gave false and damaging information about him to the successor employer, thereby thwarting his chances of being hired by the successor.  The court ruled that the request was untimely and the amendment would be futile, given the non-discriminatory reason Boeing gave for terminating Mr. Grisby:  when it sold the company, Boeing terminated all employees.

With new counsel, Mr. Grisby appeals. He argues that the First, Fifth, and Fourteenth Amendments to the United States Constitution guarantee him the right to adequate counsel. We disagree.

*Analysis*

Mr. Grisby first contends that his trial counsel's inadequate representation denied him due process guaranteed by the Fifth and Fourteenth Amendments. "The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property." *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007) (quotation omitted). Mr. Grisby has failed to identify a constitutionally protected liberty or property interest; therefore, he cannot invoke the Due Process Clause. We also reject Mr. Grisby's First Amendment claim that he was denied access to the courts because he has not shown that "any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Indeed, Mr. Grisby was not denied access to the court. Through counsel, he filed a lawsuit, he was afforded an opportunity for discovery, he participated in pretrial proceedings, and he opposed Boeing's summary-judgment motion.[1]

Essentially, Mr. Grisby's complaint is that his trial counsel provided ineffective assistance in this civil case. "The general rule in civil cases is that the

---

[1]     Because we hold that Mr. Grisby was not denied access to the court, we do not address whether any denial of access prejudiced him.

-3-

ineffective assistance of counsel is not a basis for appeal or retrial." *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006); *cf. id.* at 1120 (recognizing that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases"). Therefore, "[c]ounsel's performance, however deficient, [will not] form the basis for reversal of the trial court." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). Mr. Grisby's "remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney." *Nelson*, 446 F.3d at 1119.[2]

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[2] We express no opinion on Mr. Grisby's trial counsel's representation.

-4-